# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Civil Case No. 13cv0471-BTM |
| Plaintiff-Respondent, | Crim. Case No. 12cr3496-BTM |
| v. | **ORDER DENYING § 2255 MOTION AND DENYING CERTIFICATE OF APPEALABILITY** |
| ROMAN RODRIGUEZ, | |
| Defendant-Movant. | |

Roman Rodriguez ("Defendant"), a federal inmate proceeding *pro se*, has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the reasons set forth below, Defendant's § 2255 motion and a Certificate of Appealability are **DENIED**.

## I. BACKGROUND

On August 23, 2012, an information was filed, charging Defendant with illegally re-entering the United States in violation of 8 U.S.C. § 1326(a) & (b). (Information, August 23, 2012, ECF No. 11.) On September 11, 2012, Defendant pled guilty pursuant to a plea agreement. (Plea Agreement, September 11, 2012, ECF No. 15.) On January 11, 2013, the Court sentenced Defendant to a 21-month term of imprisonment. (ECF No. 26.)

## II. DISCUSSION

On February 27, 2013, Defendant filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (ECF No. 28.) Under § 2255, a prisoner may move to vacate, set aside, or correct his sentence on the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."

Defendant argues that his sentence should be reduced on the following grounds: 1) he will stipulate to deportation, 2) he has been denied community confinement due to his alien status, which is a violation of equal protection, and 3) cultural assimilation. He also argues that his counsel was ineffective in failing to raise these grounds at sentencing.

In the Plea Agreement, Defendant waived his right to collaterally attack his sentence except on the basis of ineffective assistance of counsel. Specifically, the Plea Agreement states:

> In exchange for the Government's concessions in this plea agreement, defendant waives, to the full extent of the law, any right to appeal or to collaterally attack the conviction and sentence, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, unless the Court imposes a custodial sentence above the high end of the guideline range recommended by the Government pursuant to this agreement at the time of sentencing. If the custodial sentence is greater than the high end of that range, defendant may appeal, but the Government will be free to support on appeal the sentence actually imposed.

(Plea Agreement at 10.) "A defendant's waiver of his appellate rights is enforceable if (1) the language of the waiver encompasses his right to appeal on the grounds raised, and (2) the waiver is knowingly and voluntarily made." <u>United States v. Rahman</u>, 642 F.3d 1257, 1259 (9th Cir. 2011) (citing <u>United States v. Jeronimo</u>, 398 F.3d 1149, 1153 (9th Cir. 2005)). The Ninth Circuit has also recognized that a waiver barring collateral attack of a conviction or sentence is enforceable when

knowingly and voluntarily made. See United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1993). Defendant does not contend that his waiver was not knowing and voluntary. Moreover, the Court imposed a sentence of 21 months, which is less than the Government's recommended guideline range of 37 to 46 months. Therefore, Defendant may only collaterally attack his sentence on the grounds of ineffective assistance of counsel.

A defendant seeking to challenge the validity of his conviction on the ground of ineffective assistance of counsel must demonstrate that his counsel's performance was deficient and that this deficient performance prejudiced him. Strickland v. Washington, 466 U.S. 668, 687–88 (1984). For the defendant to establish prejudice where he has pled guilty, he must show a reasonable probability that "the end result of the criminal process would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time." Missouri v. Frye, — U.S. — , 132 S. Ct. 1399, 1409 (2012).

Here, Defendant cannot show ineffective assistance of counsel. First, as to his argument that he should receive a 2-point downward departure because he will stipulate to deportation, he already stipulated to deportation as part of the Plea Agreement. See Plea Agreement at 9. Because he entered into the Plea Agreement as part of the fast-track program, he received a -4 downward departure pursuant to United States Sentencing Guidelines ("USSG" or "Guidelines") § 5K3.1. Stipulating to deportation was part of the fast-track agreement. Thus, Defendant has already received the benefit that he now seeks.

Defendant next argues that he should receive a -2 downward departure because he is ineligible for community confinement. He further argues that this is a violation of equal protection. The Court already ruled on this issue at the time of sentencing. As reflected in the minute order, the Court considered whether or not to depart from the guideline range based on the fact that the defendant is ineligible for community confinement and early release, but declined to depart and found no due

process or equal protection violation, citing its order in United States v. Rodriguez-Tovar, Case No. 11-cr-5558-BTM (S.D. Cal. January 7, 2013). (See ECF No. 26.) The Ninth Circuit has previously held that illegal alienage is not a suspect classification, Plyler v. Doe, 457 U.S. 202, 223 (1982), and therefore the government need only demonstrate a rational basis for treating aliens and non-aliens differently with regard to community confinement. McLean v. Crabtree, 173 F.3d 1176, 1186 (9th Cir. 1999).

In McLean, prisoners subject to Immigration and Naturalization Service ("INS") detainers were excluded from community-based treatment programs, and therefore ineligible for sentence reduction on that basis. They argued that the exclusion violated due process and equal protection. The Ninth Circuit rejected both arguments. First, the Ninth Circuit held that it was not a due process violation because the statutory provision creating community confinement, 18 U.S.C. § 3621(e)(2)(B), "does not create a liberty interest in sentence reduction." 173 F.3d at 1185. Second, the Ninth Circuit held that it was not a violation of equal protection because there was a rational basis for excluding prisoners with detainers, namely that they were more likely to flee a halfway house because they might be deported after release from custody. Id. at 1184, 1186. See also Santos v. United States, 940 F. Supp. 275, 281 (D. Haw. 1996) ("one's status as a deportable alien, which may result in ineligibility for less restrictive terms of confinement, nevertheless cannot justify a downward departure"). Therefore, the Court holds that there is no due process or equal protection violation.[1] Furthermore, because there is no constitutional violation, Defendant's counsel was not ineffective for failing to raise this argument.

Finally, Defendant requests a -2 downward departure for cultural

---

[1] Defendant also argues that his ineligibility violates the "Equal Rights Act" because no person shall be discriminated based on nationality. Defendant is essentially claiming that he is treated differently based on his status as an alien. Defendant's equal protection claim encompasses this claim. Accordingly, the result is the same, and this claim also fails on the merits.

assimilation.  Under the Guidelines, a sentence reduction for cultural assimilation may be appropriate where the defendant has resided primarily and continuously in the United States since childhood, those cultural ties are the primary reason the defendant illegally reentered or remained in the United States, and the downward departure is not likely to increase the risk to the public of further crimes by the defendant.  See USSG § 2L1.2, Comment 8.  Here, however, according to the Presentence Report, Defendant lived in Mexico and attended school there until he was 16, when he moved to the United States to reside with friends.  His eleven siblings still live in Mexico, as does his son, and Defendant has stated that he only came to the United States to seek employment and ultimately intended to return to Mexico.  Therefore, the Court holds that a downward departure based on cultural assimilation is inappropriate.  See United States v. Rivas-Gonzalez, 384 F.3d 1034, 1044 (9th Cir. 2004) ("[C]ultural assimilation [is] a proper basis for granting a downward departure for persons brought to the United States as children, who had adapted to American culture in a strong way and who, after deportation, returned to the United States for cultural rather than economic reasons.")

Defendant has not shown ineffective assistance of counsel.  Moreover, notwithstanding that he has waived his right to collaterally attack his sentence, his arguments fail on the merits.  Therefore, his § 2255 motion is **DENIED**.

//
//
//
//
//
//
//
//
//

## III. CONCLUSION

For the reasons above, the Court **DENIES** Defendant's motion under 28 U.S.C. § 2255 and **DENIES** a Certificate of Appealability. The Clerk shall enter judgment accordingly.

**IT IS SO ORDERED.**

DATED: August 28, 2013

BARRY TED MOSKOWITZ, Chief Judge
United States District Court